# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Joe Lewis Thomas and Sarah A. Thomas, | ) |
| | ) Civil Action No.: 1:16-cv-02793-JMC |
| Plaintiffs, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Enterprise Bank of South Carolina, and Richard Creech, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court pursuant to Defendants' Enterprise Bank of South Carolina and Richard Creech, Senior Vice President of Enterprise Bank of South Carolina (collectively "Defendants") Motion to Dismiss for Failure to State a Claim. (ECF No. 6.) Plaintiffs Joe Lewis Thomas and Sarah A. Thomas (collectively "Plaintiffs") filed a response in opposition to Defendants' Motion (ECF No. 10), and Defendants replied (ECF No. 11). For the reasons set forth below, the court **GRANTS** Defendants' Motion to Dismiss (ECF No. 6).

## I. JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367. Federal courts are court of limited jurisdiction. Under Section 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States. Plaintiffs have stated a claim based on a violation of the Home Affordable Modification Program ("HAMP"), 12 U.S.C. §§ 5219, 5219a, 1715z–23, a federal statute, thus federal question jurisdiction is proper.

District courts have ". . . supplemental jurisdiction over all [] claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

1

controversy. . . ." 28 U.S.C. § 1367(a). In addition to Plaintiffs' HAMP claim, Plaintiffs have also stated three state law causes of action: (1) fraud and misrepresentation, (2) breach of contract, and (3) conversion. (ECF No. 1 at ¶¶9-11.) These claims are connected to Plaintiffs' HAMP claim, and they are part of the same "case or controversy." Therefore, the court also has supplemental jurisdiction.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 5, 2009, Plaintiffs executed a Commercial Note and Commercial Mortgage promising to pay Defendants $110,000.00 with an interest rate of 8.5% per annum and making certain property in Barnwell County, South Carolina collateral. (ECF No. 6-1 at 2-3.) On February 29, 2012 Defendant Enterprise Bank of South Carolina filed a Summons and Complaint against Plaintiffs in a foreclosure action. (*Id*. at 3.) On July 26, 2012, Plaintiffs paid Defendants $30,000.00 for a Partial Release of Mortgage Lien. (ECF No. 6-5.) A Decree of Foreclosure was entered on September 7, 2012 (ECF No. 6-1 at 3), and the property was sold at auction for $60,000.00 (ECF No. 6-4 at 3). An Order for Deficiency Judgment was entered on August 9, 2013, finding that Plaintiffs owed Defendants $55,187.91 (ECF No. 6-4 at 3, ECF No. 1 at ¶7.)[1]

On August 9, 2016, Plaintiffs filed this action alleging Defendants violated the HAMP, engaged in fraud and misrepresentation, breached their contract with Plaintiffs, converted

---

[1] "On a motion to dismiss courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12 (b)(6) motions to dismiss, in particular, . . . matters of which a court may take judicial notice. The Court may take judicial notice of matters of public record." *Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 550 (D.S.C. 2008) (finding that a court could consider a police record as a part of a motion to dismiss) (internal quotations and citations omitted). The foreclosure action is referenced by Plaintiffs in their complaint, and the Note, Mortgage, Partial Release of Mortgage Lien, and Order for Deficiency Judgment are all matters of public record. Therefore, the court may properly consider each of them in ruling on Defendants' Motion.

2

$24,000.00 received from Plaintiffs, and are liable for punitive damages. (ECF No. 1 at ¶¶ 8-12.) Defendants filed this Motion to Dismiss for Failure to State a Claim on November 15, 2016 (ECF No. 6), Plaintiffs filed an opposition on December 2, 2016 (ECF No. 10), and Defendants replied on December 8, 2016 (ECF No. 11).

### III. LEGAL STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a rule 12(b)(6) motion, the court should accept as true all well-pleaded allegation and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## IV. ANALYSIS

### A. Plaintiff's HAMP Claim

Plaintiffs claim that "Defendants violated the provisions set forth by HAMP, a federally created program to assist distressed homeowners through various loan modification programs, by refusing to work with Plaintiffs [in] the loan modification process." (ECF No. 1 at ¶8.) The HAMP provides financial incentives to participating mortgage servicers to modify the terms of eligible loans and aims to financially assist homeowners who have defaulted on their mortgages or who are in imminent risk of default. *See Marks v. Bank. Of Am., N.A.*, No. 03-:10-cv-08039-PHX-JAT, 2010 WL 2572988, at *5-6 (D. Ariz. June 22, 2010) (describing the HAMP.) However, "nowhere in the HAMP Guidelines, nor in the [legislation authorizing the creation of HAMP], does it expressly provide for a private right of action. Rather, Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac." *Id.* at *6; *see also Hoffman v. Bank of Am., N.A.*, No. C. 10-2171 SI., 2010 WL 2635773, at *5 (N.D. Cal. June 20, 2010); *Gonzalez v. first Franklin Loan Servs.*, No. 1:09-cv-00941, 2010 WL 144862, at *18 (E.D. Cal. Jan. 11, 2010). Courts have consistently found that the "denial of loan modification under HAMP [or other similar programs] does not create a private cause of action." *Weber v. Bank of Am., N.A.*, C/A No. 0:13-cv-01999-JFA, 2013 WL 4820446, at *4 (D.S.C. Sept. 10, 2013); *Steffens v. Am. Home Mortg. Servicing, Inc.*, C/A No. 6:10-1788-JMC, 2011 WL 901179, at *3 (D.S.C. Mar. 15, 2011); *Dugger v. Bank of Am.*, C/A No. 1:10-cv-00076, 2010 WL 3258383, at *2 (E.D. Mo. Aug. 19, 2010) (dismissing claims under Rule 12(b)(6) and stating that HAMP does not provide "a private right of action to individual borrowers"); *Zeller v. Aurora Loan Servs., LLC*, No. 3:10-cv-00044, 2010 WL 3219134, at *1 (W.D. Va. Aug. 10, 2010) (stating that Congress did not permit a private cause of action under HAMP); *Marks v. Bank of Am., N.A.*, No. 03:10-cv-08039-PHX-

JAT, 2010 WL 2572988, at *5–7 (D. Ariz. June 22, 2010) (holding that the HAMP Guidelines and EESA do not provide a private cause of action).

In consideration of the foregoing law, the court is constrained to find that the allegations in the Complaint are insufficient to establish claims based on Defendants' alleged violations of the HAMP. Therefore, Plaintiffs' claim arising under HAMP is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Plaintiffs' Remaining Claims

Plaintiffs' remaining claims—fraud and misrepresentation, breach of contract, and conversion—are all state law claims. Following the dismissal of a federal claim in a case, the court must determine whether to retain jurisdiction over any remaining state law claims. The Fourth Circuit explained the court's discretion as follows:

> Once the district court dismissed the federal claims against Defendants, the court had the authority to retain jurisdiction over the state law claims that were closely related to the original claims. 28 U.S.C. § 1367(a). However, the district court also had the discretion to decline to exercise supplemental jurisdiction over claims outside its original jurisdiction. 28 U.S.C. § 1367(c)(3). We have recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir.1995). In exercising that discretion, the district court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir.1999). In addition, the dismissal may be an abuse of discretion where the state statute of limitations expired prior to dismissal of the anchor federal claim. *Edwards v. Okaloosa County*, 5 F.3d 1431, 1433–35 (11th Cir.1993); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1043 (5th Cir.1982).

*Katema v. Midwest Stamping, Inc.*, 180 F. App'x 427, 428 (4th Cir. 2006).

In the present case, the court is not retaining jurisdiction over the remaining claims. This is the first motion filed in this case, and therefore, judicial economy does not weigh in favor of keeping these claims. Additionally, in contrast to the situation described in *Katema* where the

5

statute of limitations expired during the pendency of the federal suit, the statute of limitations for the remaining claims expired prior to the filing of this suit. The applicable statute of limitations for all of Plaintiffs' remaining claims is 3 years. S.C. CODE ANN. § 15-3-530 (2005). The present case was filed on August 9, 2016. (ECF No. 1.) Defendants argue that Plaintiffs' remaining claims are barred by the statute of limitations because the cause of action accrued no later than September 11, 2012, the date the Decree of Foreclosure was entered. (ECF No. 6-1 at 11.) Defendants also note that unlike some foreclosure actions, Plaintiffs were present at the hearing in the foreclosure case and should have been aware of all of their causes of action at that point. (ECF No. 6-1 at 3.) Plaintiffs respond that their causes of action accrued in January 2014 when they were evicted. (ECF No. 1 at ¶ 5.)

"Under the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. The discovery rule applies to breach of contract actions." *Coastal States Bank v. Hanover Homes of S.C.*, LLC, 408 S.C. 510, 517 (Ct. App. 2014) (internal quotations and citations omitted). Plaintiffs ought to have discovered their causes of action on September 11, 2012, the day the Decree of Foreclosure was entered. Therefore, the statute of limitations for all of Plaintiffs' state law claims expired prior to the filing of this action.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 6) is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 23, 2018
Columbia, South Carolina